IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JANE DOE 6, As Parent and Natural Guardian of MINOR DOE 6,** : <br> : <br> **Plaintiffs,** : <br> : **Civil Action No. _____** <br> **v.** : <br> : <br> **UNITED STATES OF AMERICA,** : <br> : <br> **Defendant.** : | |

## COMPLAINT FOR DAMAGES

COME NOW, Jane Doe 6, As Parent and Natural Guardian of Minor Doe 6, Plaintiffs in the above-styled civil action, by and through their undersigned counsel of record, and hereby file this Complaint for Damages against the United States of America, showing this Honorable Court the following:

1.

The injuries and damages sustained by Plaintiffs, which form the subject matter of this action, occurred as a result of the negligent acts of the United States of America and under circumstances in which the Defendant would be liable to Plaintiffs as a private person under the law of the State of Georgia. Accordingly, Defendant is subject to the jurisdiction and venue of this Honorable Court pursuant to the Federal Tort Claims Act, 28 U.S.C. §

1346(b), 2401(b), 2671 *et seq.*, as the aforementioned negligent acts occurred in Houston County, Georgia.

2.

A claim was presented on behalf of Plaintiffs to the United States Department of the Air Force, via Standard Form 95, on or about February 13, 2025, and was received on or about February 18, 2025 by Defendant. A final disposition of said claim has never been made by Defendant. Plaintiffs now hereby file this lawsuit after the required statutory period of investigation following Defendant's receipt of Plaintiffs' claim. Plaintiffs' claim is also subject to equitable tolling of the statute of limitations due to late notice by Defendant to Jane Doe 6 about the abuse suffered by Minor Doe 6, notice of which came long after the last-known date of abuse. Jane Doe 6 did not become aware of the injury suffered on or around August 22, 2022, by Minor Doe 6 until Defendant notified her in writing on or around February 27, 2023.

3.

At all times relevant to this Complaint for Damages, Defendant owned and operated the Child Development Center West daycare located on Robins Air Force Base in Houston County, Georgia.

4.

At all times relevant to this Complaint for Damages, Minor Doe 6's parent entrusted her child to the exclusive care and custody of Defendant at the subject daycare center.

5.

At all times relevant to this Complaint for Damages, the parent of Minor Doe 6 paid for her child to attend the subject daycare center, with the assurance from Defendant that her child would be cared for in a safe and reasonable manner.

6.

At all times relevant to this Complaint for Damages, Defendant employed: Lakendra Jordan as a childcare worker at the subject daycare center, and Latona Mae Lambert as a childcare worker and the director and childcare administrator of the subject daycare center.

7.

At all times relevant to this Complaint for Damages, Defendant the United States of America had an affirmative duty to care for and protect Minor Doe 6 from harm, with that duty arising prior to and independent of any of the abusive acts listed in ¶ 10. Specifically, as a childcare provider, Defendant owed Plaintiffs a duty "to exercise reasonable care for the safety

of the child…gauged by the standard of the average reasonable parent." Persinger v. Step By Step Infant Dev. Ctr., 560 S.E.2d 333, 335-36 (2002).

8.

Defendant the United States of America breached its independent, antecedent affirmative duty to care for and protect Minor Doe 6 where it negligently failed to prevent Lakendra Jordan from physically and mentally abusing Minor Doe 6.

9.

Further, at all times relevant to this Complaint for Damages, Defendant had a legal duty to keep the subject premises in a state consistent with due regard for the safety of its invitees (i.e., Plaintiffs) pursuant to O.C.G.A. § 51-3-1. Defendant was negligent and breached this duty by failing to exercise ordinary care to keep its premises safe in one or more of the following ways:

- Failing to remove the assailants who abused Minor Doe 6;
- Failing to monitor its surveillance cameras despite notice of ongoing abuse of children at the subject daycare;
- Failing to take appropriate action and implement adequate security procedures to deter foreseeable criminal acts such as the mental and physical abuse suffered by Minor Doe 6;

- Failing to document prior concerns and reports of ongoing child abuse;
- Failing to take reasonable steps to make itself aware of the ongoing abuse being perpetrated on its premises;
- Knowingly violating its own policies, protocols, and procedures which were designed in whole or in part to prevent or deter child abuse of the kind suffered by Minor Doe 6 in its daycare;
- And otherwise.

10.

Beginning sometime before August 22, 2022, and continuing through at least August 22, 2022, as a proximate and foreseeable result of Defendant's breach of its independent, antecedent duty to protect Minor Doe 6, Lakendra Jordan committed the following egregious acts, which were completed outside the scope of her employment with Defendant and for her own personal gratification, against Minor Doe 6:

- Violently grabbing Minor Doe 6's left arm and snatching him around the room at the daycare center; and,
- Picking Minor Doe 6 up and slamming him into the floor at least twice.

11.

Beginning sometime before August 22, 2022, and continuing through at least August 22, 2022, Latona Mae Lambert, Defendant's director and childcare administrator of the subject daycare, increased the risk of injury to Minor Doe 6 by failing to report the ongoing child abuse inflicted upon Minor Doe 6 to the appropriate authorities (i.e., law enforcement). Further, Director Latona Mae Lambert failed repeatedly to report instances of known abuse of Minor Doe 6 prior to the aforementioned time period despite multiple reports and complaints of the same.

12.

Defendant the United States of America's breach of its duty to care for and protect Minor Doe 6 and to keep the subject premises in a state consistent with due regard for the safety of its invitees (i.e., Plaintiffs) directly and proximately caused the aforementioned instances of cruel and excessive physical and mental pain.

13.

Defendant the United States of America is directly liable to Plaintiffs for its negligence.

14.

As a direct and proximate result of Defendant the United States of America's negligence, Plaintiff Minor Doe 6 suffered general damages including, but not limited to, bodily injury, pain, suffering, and other harms and losses for which recovery is allowed by law.

15.

Jane Doe 6, As Parent and Natural Guardian, is entitled to recover monetarily for the general damages on behalf of her child, Minor Doe 6.

16.

Plaintiffs are entitled to recover damages from Defendant for their respective general damages to the extent permitted by law.

WHEREFORE, Plaintiffs pray:

(a) That they receive a trial;

(b) That summons issue as required by law;

(c) That Plaintiffs receive a judgment against Defendant for Plaintiffs' general damages, including their bodily injury, pain, suffering, harms, and losses, in an amount to be determined by a fair and impartial trier of fact;

(d) That all costs in this action be borne by Defendant; and,

(e) That this Honorable Court provide any and all other and further relief it deems necessary for the full administration of justice.

Respectfully submitted, this 18th day of December, 2025.

/s/ Ashley Cameron
Ashley Cameron
GA Bar No. 914842
Attorney for Plaintiffs

DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, GA 31202-0013
(478) 742-8441
ashley@dozierlaw.com

/s/ Dustin Hamilton
Dustin Hamilton
GA Bar No. 825725
Attorney for Plaintiffs

HAMILTON & PADGETT LAW
300 Bull Street, Suite 201
Savannah, GA 31401
(912) 200-2727
dustin@hamiltonpadgettlaw.com